UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| TONI INSERRA,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>PINNACLE SERVICES INC. dba SUMMIT COLLECTION SERVICES,<br><br>　　　　　　　　　Defendant. | Case No. 3:22-CV-00300-CLB[1]<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>[ECF No. 29] |

This case involves alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") by Plaintiff Toni Inserra ("Inserra") against Defendant Pinnacle Services Inc., dba Summit Collection Services ("Summit") arising from the collection of a debt. Currently pending before the Court is Inserra's motion for reconsideration of this Court's order granting, in part, and denying, in part, Inserra's motion for summary judgment. (ECF No. 29). Summit opposed the motion, (ECF No. 30), and Inserra replied. (ECF No. 31). For the reasons stated below, the Court denies Inserra's motion for reconsideration. (ECF No. 29).

I.   **RELEVANT BACKGROUND**

Inserra filed this lawsuit on July 1, 2022, alleging violations of the FDCPA against Summit. (ECF No. 1.) Specifically, the complaint asserts and alleges the following specific violations of the FDCPA:

(1)   § 1692d by harassing, oppressing, and abusing Inserra when it continued to contact her after multiple demands to cease, in an attempt to force her to pay the Debt.

---

[1]   The parties consented to the undersigned's jurisdiction to conduct all proceedings and order the entry of final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (ECF No. 14).

(2) § 1692d by harassing, oppressing, and abusing Inserra when it continued to call her, leaving multiple voice messages after her demand for all communications to be in writing.

(3) § 1692e(2)(A) by falsely representing the character, amount, and legal status of the Debt by seeking amounts not authorized between Inserra and the Creditor and by falsely claiming that the Debt was subject to a collection action.

(4) § 1692e(5) by threatening legal action against Inserra for the Debt in its Initial Collection Letter when it had no intent to file a lawsuit against her and had not filed or approved a lawsuit for filing.

(5) § 1692e(5) by using fake "case numbers" and falsely claiming each call was its "final attempt" thereby threatening legal action against Inserra for the Debt when it had no intent to file a lawsuit against her and had not filed or approved a lawsuit for filing.

(6) § 1692e(10) by violating the Consumer Financial Protection Bureau Rule and including extraneous information in its calls to Inserra to coerce her into paying the Debt.

(7) § 1692e(10) by using fake "case numbers" and falsely claiming each call was its "final attempt" in order to deceive Inserra into paying the Debt.

(8) § 1692e(11) by failing to provide a "mini-Miranda" warning with each communication made to Inserra to collect the Debt.

(9) § 1692f by using unfair or unconscionable means to collect or attempt to collect the Debt by making false and empty threats of litigation against Inserra and providing Inserra with fake "case numbers" to coerce her into paying the Debt.

(10) § 1692f(1) by seeking to collect interest, fees, charges, and expenses not expressly authorized by the agreement creating the Debt or permitted by law by seeking to collect the Debt when Inserra does not owe the Debt.

(*Id.* at 6-7.)

On May 10, 2023, this Court ruled on Inserra's motion for summary judgment. (ECF No. 28.) Specifically, the Court granted Inserra's motion for summary judgment insofar as it determined there were no genuine issues of material fact that: (1) Inserra is a consumer; (2) the debt arises out of a transaction entered into for personal, family, or household purposes; and (3) Summit is a debt collector. (*Id.* at 14.) The Court denied Inserra's motion for summary judgment finding there are genuine issues of material fact as to whether Summit violated any of the provisions of the FDCPA. (*Id.*) Inserra now moves for reconsideration under Federal Rule of Civil Procedure 59(e), or alternatively, requests an order permitting an interlocutory appeal under 28 U.S.C. § 1292(b). (ECF No. 29.)

## II.     LEGAL STANDARD

Rule 59(e) permits a district court to reconsider and amend a previous order. *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Nevertheless, a court should generally leave a previous decision undisturbed absent a showing of clear error or manifest injustice. *Abada v. Charles Schwab & Co., Inc.*, 127 F.Supp.2d 1101, 1102, (S.D. Cal. 2000). A motion to reconsider must set forth the following: (1) some valid reason why the court should revisit its prior order; and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision. *ESCO Corp. v. Cashman Equip. Co.*, 158 F.Supp.3d 1051, 1076 (D. Nev. 2016) (internal quotation omitted). "A district court generally should not grant a [motion for reconsideration] in the absence of newly discovered evidence, clear error, or an intervening change in the controlling law." *Wells Fargo Bank, N.A. v. Mahogany Meadows Avenue Trust*, 979 F.3d 1209, 1218 (9th Cir. 2020) (internal quotations omitted); *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014). A motion for reconsideration is properly denied where it presents no new arguments or evidence. *See United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009). However, it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the

litigation." Wells Fargo Bank, N.A., 979 F.3d at 1218 (*citing Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). Motions to reconsider are granted rarely. *See, e.g., School Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

## III. DISCUSSION

Inserra's motion asks that the Court reconsider the denial of summary judgment and find the following: (1) whether Inserra owes the debt in question is irrelevant to Summit's failure to provide the mini-Miranda warnings to Inserra, failure to cease and desist verbal contact, and its false claims about a pending "case" and its ongoing "final attempts" to contact her and thus, the Court should reverse its denial of summary judgment accordingly; (2) that the December 8, 2021, December 23, 2021, and December 30, 2021 calls violate her cease and desist demand and Section 1692d; (3) Summit's failure to provide the disclosures under Section 1692e(11) warrant entry of judgment against Summit; and (4) reconsider finding of materiality as it relates to Summit's misrepresentations violating Section 1692e and 1692e(10). (ECF No. 29.) Alternatively, Inserra requests permission to appeal the interlocutory order under 28 U.S.C. § 1292(b). (*Id.* at 8-9.) Inserra's motion asks that the Court reconsider its ruling on her Section 1692d, 1692d(5), 1692e, 1692e(10), and 1692e(11) claims only, since the 1692e(2)(A) and 1692f(1) claims require a determination of whether the balance is correctly calculated, which is a question of fact for the jury. (ECF No. 31.)

Having reviewed the motion, arguments, and cases cited, the Court finds that Inserra's motion does not offer any newly discovered evidence, does not demonstrate clear error or that the Court's decision was manifestly unjust, and there has not been an intervening change in controlling law. *See Wells Fargo Bank, N.A.*, 979 F.3d at 1218. Thus, the Court does not find reconsideration appropriate and denies the motion accordingly.

### A. Request for Interlocutory Appeal

Inserra's motion alternatively requests an order permitting an interlocutory appeal

under 28 U.S.C. § 1292(b). (ECF No. 29.)

Pursuant to 28 U.S.C. § 1292(b), a party may appeal a non-final order "upon the consent of both the district court and the court of appeals." *In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1025-26 (9th Cir. 1981) ("*In re Cement*"). A movant seeking an interlocutory appeal has a heavy burden to show that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978) (quoting *Fisons Ltd. v. United States,* 458 F.2d 1241, 1248 (7th Cir. 1972)); *see also Pac. Union Conference of Seventh-Day Adventists v. Marshall*, 434 U.S. 1305, 1309 (1977) ("The policy against piecemeal interlocutory review other than as provided for by statutorily authorized appeals is a strong one." (citation omitted)); *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002) ("Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly."). Indeed, 1292(b) is to be "used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *In re Cement*, 673 F.2d at 1026. And, importantly, "[s]ection 1292(b) was not intended to make denials of summary judgment routinely appealable[.]" *Ahrenholz v. Bd. Of Tr. of University of Illinois*, 219 F.3d 674, 676 (7th Cir. 2000).

A district court has discretion to certify an order for interlocutory appeal if the three following criteria are met: (1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. *In re Cement*, 673 F.2d at 1026. "Even when all three statutory criteria are satisfied, district court judges have 'unfettered discretion' to deny certification." *Brizzee v. Fred Meyer Stores, Inc.*, Case No. 04-1566-ST, 2008 WL 426510, at *3 (D. Or. Feb 13. 2008) (quoting *Ryan, Beck & Co., LLC v. Fakih*, 275 F.Supp.2d 393, 396 (E.D. N.Y. 2003)).

First, a question is "controlling" when "resolution of the issue on appeal could materially affect the outcome of the litigation in the district court." *In re Cement*, 673 F.2d

at 1026. Elaborating, our sister circuits have articulated that "what the framers of § 1292(b) had in mind is more of an abstract legal issue or what might be called one of 'pure' law, matters the court of appeals 'can decide quickly and cleanly without having to study the record.'" *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1258 (11th Cir. 2004) (quoting *Ahrenholz*, 219 F.3d at 677). "The legal question must be stated at a high enough level of abstraction to lift the question out of the details of the evidence or facts of a particular case and give it general relevance to other cases in the same area of law. And the answer to that question must substantially reduce the amount of litigation left in the case." *Id.* at 1259.

While Inserra has framed its question to appear as a "pure" question of law, the Court's order on summary judgment is uniquely tied to the factual questions at play in this case. Further, Inserra's question is not a "fundamental" issue to this case, such as whether a party is necessary and proper, whether a court has jurisdiction, or what is the correct choice of law. *See United States v. Woodbury*, 263 F.2d 784, 787 (9th Cir. 1959). Accordingly, the Court declines to find Inserra's question controlling.

Second, a "substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution, not merely where they have already disagreed. Stated another way, when novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions, a novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent." *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011). "Courts traditionally will find that a substantial ground for difference of opinion exists where 'the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.'" *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) (quoting 3 Federal Procedure, Lawyers Edition § 3:212 (2010) (footnotes omitted)).

As explained above, the Court's ruling is factually specific to the circumstance in

this case. While Inserra disagrees with the Court's ruling and interpretation of well settled case law, simply that it may "be applied differently does not establish a substantial ground for difference of opinion." *Couch*, 611 F.3d at 633.

Finally, resolution of the question will not materially advance the ultimate termination of the litigation. Inserra has only asked for reconsideration on rulings as to specific claims but has acknowledged other claims present questions of fact for the jury. (ECF No. 31.) Further, the parties have been directed to file their joint proposed pretrial order, and the Court anticipates this case will be set for trial in the coming months, barring any unforeseen circumstances. Therefore, it is clear to the Court that this case will be resolved long before the Ninth Circuit could rule on this interlocutory appeal, ultimately, resulting in further delay of this case. *See Shurance v. Planning Control Intern., Inc.*, 839 F.2d 1347, 1348 (9th Cir. 1988) ("Indeed, an interlocutory appeal might well have the effect of delaying the resolution of this litigation, for an appeal probably could not be completed before July, 1988, when trial is currently scheduled."); *Ahrenholz*, 219 F.3d at 676 (reasoning that interlocutory appeals "delay the litigation in the district court, since the proceedings in that court normally grinds to a halt as soon as the judge certifies an order in the case for an immediate appeal.").

Accordingly, Inserra's request for an order permitting an interlocutory appeal is denied.

**IV.    CONCLUSION**

For the reasons stated above, **IT IS ORDERED** that Inserra's motion for reconsideration or, in the alternative, for an order permitting an interlocutory appeal, (ECF No. 29), is **DENIED**.

**IT IS FURTHER ORDERED** that the parties shall have until **Friday, June 30, 2023** to file their joint proposed pretrial order.

**DATE:** May 31, 2023.

_____
**UNITED STATES MAGISTRATE JUDGE**

7